UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATIONERS SUPPLY CO., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:04CV1775 RWS |
| ) | |
| OFFICE SOLUTIONS, INC., et. al., ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

This matter is before me on Plaintiff United Stationers Supply Co.'s (United Stationer) motion for summary judgment against Defendant Jonathan Schatz [#24]. Schatz has responded that he has no defense to the motion. The motion will be granted.

## **FACTS**[1]

United Stationer is in the business of selling and distributing office supplies and office materials to businesses. Office Solutions was in the business of selling office supplies and office materials at the retail level. Schatz was the treasurer of Office Solutions.

Beginning in January 2001, Office Solutions sought to establish an account with United Stationers in order to purchase materials for its business. Office Solutions submitted a credit application to United Stationers. Pursuant to the credit application, Office Solutions agreed that should a debt become past due, Office Solutions would pay finance charges at the rate of 1.5% per month as well as reasonable collection costs and attorneys' fees incurred in any collection. In

---

[1]Because Schatz did not specifically controvert any of the facts in Plaintiff's Statement of Facts, all of the facts in Plaintiff's Statement are admitted for the purposes of this Order. E.D. Mo. L.R. 4.01(E).

January 2001, United Stationers opened an account for Office Solutions and agreed to supply materials based on orders placed by Office Solutions.

As a result of Office Solutions' large volume of orders and pattern of payments, United Stationers required Schatz and Defendant Robyn Burch,[2] then president of Office Solutions, to enter into a personal guaranty contract in September 2002.

Schatz and Burch executed the guaranty contract on September 27, 2002. Under the terms of the guaranty contract, Schatz and Burch agreed to be jointly, severally, and unconditionally liable for the debts of Office Solutions and any of its subsidiaries or divisions. The guaranty contract further provided that Schatz and Burch unconditionally guaranteed to United Stationers "the payment of all indebtedness, liabilities and obligations of every kind and nature . . . whether absolute or contingent, direct or indirect, due or to become due, heretofore or hereafter created arising or existing . . . without limitation as to amount." The guaranty contract further provided that Schatz and Burch would be liable for the costs of expenses incurred in collecting the debt, including reasonable attorneys' fees.

As a result of the guaranty contract, United Stationers extended additional credit to Office Solutions. After the guaranty contract was executed, Office Solutions placed hundreds of orders with United Stationers, and United Stationers filled the orders.

Office Solutions failed to tender full payment on its account for materials received from United Stationers and its affiliates. On December 1, 2004, United Stationers made demand on Office Solutions to satisfy its outstanding debts. Office Solutions failed to respond to the demand. On December 1, 2004, United Stationers also made demand on Schatz and Burch to

---

[2]The case is currently stayed as to Burch under 11 U.S.C. § 362 as Burch has filed for bankruptcy.

satisfy the outstanding indebtedness of Office Solutions pursuant to the terms of the guaranty contract. Neither Schatz nor Burch responded to the demand. Pursuant to section 2-702 of the Uniform Commercial Code, United Stationers made further demand for the reclamation of goods within ten days of Office Solutions' cessation of operations. Office Solutions made no response to United Stationers' reclamation request.

Currently, Office Solutions is indebted to United Stationers in the amount of $711,281.22. Under the terms of the guaranty contract, Schatz is indebted to United Stationers in the amount of $711,281.22. Schatz is also liable under the terms of the guaranty contract for the costs of expenses incurred in collecting the debt, including reasonable attorneys' fees.

Under the terms of the guaranty contract, the parties agreed that Missouri law would govern any dispute.

## STANDARD OF REVIEW

In considering whether to grant summary judgment, a district court examines the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any . . ." Fed. R. Civ. P. 56(c). Summary judgment is appropriate if the evidence, viewed in the light most favorable to the nonmoving party, demonstrates that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Lynn v. Deaconess Medical Center, 160 F.3d 484, 486 (8th Cir. 1998) (citing Fed. R. Civ. P. 56(c)). The party seeking summary judgment bears the initial responsibility of informing the court of the basis of its motion and identifying those portions of the affidavits, pleadings, depositions, answers to interrogatories, and admissions on file which it believes demonstrates the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). When such a motion is made and supported by the movant, the nonmoving party may not rest on his pleadings

but must produce sufficient evidence to support the existence of the essential elements of his case on which he bears the burden of proof. Id. at 324. In resisting a properly supported motion for summary judgment, the nonmoving party has an affirmative burden to designate specific facts creating a triable controversy. Crossley v. Georgia-Pacific Corp., 355 F.3d 1112, 1113 (8th Cir. 2004).

## ANALYSIS

In order to recover on a guaranty contract in Missouri, "the creditor must show (1) that the defendant executed the guaranty, (2) that the defendant unconditionally delivered the guaranty to the creditor, (3) that the creditor, in reliance on the guaranty, thereafter extended credit to the debtor, and (4) that there is currently due and owing some sum of money from the debtor to the creditor that the guaranty purports to cover." ITT Commercial Fin. Corp. v. Mid-America Marine Supply Corp., 854 S.W.2d 371, 382 (Mo. banc 1993).

The undisputed facts show that Schatz executed the guaranty contract unconditionally, that United Stationers relied on the guaranty contract and extended credit to Schatz, and that there is a sum of money due and owing to United Stationers. As a result, I find that United Stationers has shown all of the necessary elements to recover under the guaranty contract.

The terms of the guaranty contract also provide for United Stationers to recover the costs of collecting under the guaranty contract, including reasonable attorneys' fees. Under Missouri law, "[i]f a contract provides for the payment of attorney's fees and expenses incurred in the enforcement of a contract provision, the trial court must award them to the prevailing party." Schnuck's Carrollton Corp. v. Bridgeton Health & Fitness, 884 S.W.2d 733, 739 (Mo. Ct. App. 1994). As a result, United Stationers is entitled to recover the costs it incurred collecting the debt owed by Office Solutions, Schatz, and Burch.

However, United Stationers has not yet presented this Court with evidence of how much was spent in costs and fees. As a result, I will allow United Stationers to present evidence of the costs of collecting under the guaranty contract, including attorneys' fees.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for summary judgment against Defendant Jonathan Schatz [#24] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff shall have **twenty (20) days from the date of this Memorandum and Order** to present the Court with evidence of the costs and fees incurred in collecting the debt covered under the guaranty contract.

Dated this 15th day of August, 2005.

                                                  RODNEY W. SIPPEL
                                                  UNITED STATES DISTRICT JUDGE