UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATIONERS SUPPLY CO., )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>OFFICE SOLUTIONS, INC., et. al., )<br>)<br>Defendants. ) | Case No. 4:04CV1775 RWS |

**MEMORANDUM AND ORDER**

On September 2, 2005, I administratively closed this case due to the suggestion of bankruptcy filed by Defendant Schatz. However, Defendant Office Solutions, Inc., is still a party to this case, and a final judgment has not been entered as to Office Solutions. As a result, my Order of September 2, 2005, should be vacated, and I will reopen the case so that a final judgment may be entered against Office Solutions.

I note for the record, however, that I am not reopening the case so that Plaintiff may further proceed against Defendant Schatz. Although I granted Plaintiff's motion for summary judgment against Shatz, I did not enter a judgment stating the final disposition of the case as to Schatz. The Order is not, therefore, a final judgment, and any further proceedings against Schatz would be violative of the automatic stay required by 11 U.S.C. § 362. E.g., In re Braught, 307 B.R. 399, 402 (Bankr. S.D.N.Y. 2004) ("all judicial functions necessary to make a judgment valid are stayed by 11 U.S.C. § 362(a)(1)"); In re Capgro Leasing Assocs., 169 B.R. 305, 315 (Bankr. E.D.N.Y. 1994) ("entry of a judgment will constitute a "ministerial act" where the judicial function has been completed and the clerk has merely to perform the rote function of entering the judgment upon the court's docket.").

Accordingly,

- 2 -

**IT IS HEREBY ORDERED** that my Order dated September 2, 2005, [#41] is **VACATED**.

**IT IS FURTHER ORDERED** that the Clerk of the Court reopen this case, and that docket entry #37 be listed as a pending motion.

Dated this <u>6th</u> day of September, 2005.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE