UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATIONERS SUPPLY CO., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:04CV1775 RWS |
| ) | |
| OFFICE SOLUTIONS, INC., et. al., ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**[1]

This matter is before me on Plaintiff's motion for attorneys' fees [#37].  On August 15, 2005, I granted Plaintiff's motion for default judgment against Defendant Office Solutions, Inc. In my Order, I specified that Plaintiff should present the Court with evidence of attorneys' fees and costs within 20 days of the date of the Order.  Plaintiff timely filed its motion for attorneys' fees, along with the appropriate evidence on August 31, 2005.  An award of attorneys' fees will be granted.

United Stationers is in the business of selling and distributing office supplies and office materials to businesses.  Office Solutions was in the business of selling office supplies and office materials at the retail level.  Defendants Burch and Schatz were the officers of Office Solutions.[2]

Beginning in January 2001, Office Solutions sought to establish an account with United Stationers in order to purchase materials for its business.  Office Solutions submitted a credit application to United Stationers.  Pursuant to the credit application, Office Solutions agreed that

---

[1]This Memorandum and Order is being entered *nunc pro tunc* as my previous Memorandum and Order [#43] had an incorrect date.

[2]This case is currently stayed as to Defendants Burch and Schatz pursuant to 11 U.S.C. § 362.

should a debt become past due, Office Solutions would pay finance charges at the rate of 1.5% per month as well as reasonable collection costs and attorneys' fees incurred in any collection. In January 2001, United Stationers opened an account for Office Solutions and agreed to supply materials based on orders placed by Office Solutions.

Office Solutions failed to tender full payment on its account for materials received from United Stationers and its affiliates. On December 1, 2004, United Stationers made demand on Office Solutions to satisfy its outstanding debts. Office Solutions failed to respond to the demand. Pursuant to section 2-702 of the Uniform Commercial Code, United Stationers made further demand for the reclamation of goods within ten days of Office Solutions' cessation of operations. Office Solutions made no response to United Stationers' reclamation request.

Currently, Office Solutions is indebted to United Stationers in the amount of $711,281.22. Additionally, pursuant to the terms of the credit application, United Stationers is entitled to recover reasonable costs and attorneys' fees incurred in the collection of the debt.

United Stationers has presented the Court with evidence that it has incurred a total of $22,397.65 in attorneys' fees and $514.32 in costs, for a grand total of $22,911.97. After a careful review of the evidence, I find that the amount of attorneys' fees billed is reasonable, and the costs requested are proper under 28 U.S.C. § 1920. As a result, I will grant the motion.

Accordingly,

- 3 -

**IT IS HEREBY ORDERED** that Plaintiff's motion for attorneys' fees and costs in the amount of $22,911.97 [#37] is **GRANTED**.

Dated this 7th day of September, 2005.

                                              RODNEY W. SIPPEL
                                              UNITED STATES DISTRICT JUDGE